# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:17-cr-20382-JTF-1 |
| ) | |
| MARCEL JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS AND GRANTING DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Before the Court is Defendant Marcel Johnson's Motion to Suppress filed on March 23, 2018, to which Plaintiff United States filed its Response in opposition to on April 2, 2018. (ECF No. 20 & 23.) The Motion was referred to the Magistrate Judge, who held a hearing on the matter on June 27, 2018. (ECF Nos. 24 & 27.) On September 12, 2018, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Suppress, recommending that the Motion be denied. (ECF No. 34.) After receiving additional time to file objections to the Report and Recommendation, Defendant timely filed his Objections on October 9, 2018. (ECF Nos. 35, 36, & 39.) For the reasons below, the Magistrate Judge's Report and Recommendation should be ADOPTED IN PART and Defendant's Objections thereto GRANTED.

## I. FINDINGS OF FACT

The Magistrate Judge's Report and Recommendation provides proposed findings of fact in this case. (ECF No. 38, 1–6.) Defendant objects to the Magistrate Judge's factual determination that when Officer Laine asked him whether he was affiliated with any gang,

specifically, whether he was a "VL", "Defendant initially denie[d] but then admit[ted] that he 'used to' be affiliated". (ECF No. 34, 7.) (ECF No. 39, 2–3.) Defendant's contention with this assertion is that it suggests Defendant was untruthful by denying being part of a gang when he was in fact part of a gang. (*Id.* at 3.) Instead, Defendant asserts that when Officer Laine asked Defendant "What gang you in?", Defendant truthfully responded, "ain't in no gang", and that when Officer Laine then asked Defendant if he "used to be a VL," Defendant replied, "I used to be VL." (*Id.* at 3.) Defendant's objection is well-taken. Thus, apart from this specific factual determination of the Magistrate Judge, this Court adopts and incorporates the proposed findings of fact.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the

*de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A)–(B). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). "The district court is not required to review—under a *de novo* or any other standard—'any issue that is not the subject of an objection.'" *Brown*, 47 F. Supp. 3d at 674 (emphasis added) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

### III.  ANALYSIS

The issues presented by the instant Motion are whether Defendant, as a passenger in a vehicle, has standing to contest the underlying stop and seizure of his person as well as the search of the vehicle; whether the evidence gathered as a result of the search of the vehicle is subject to suppression by Defendant; and whether a violation of *Miranda* requires the suppression of certain admissions or statements made by Defendant.

A. <u>Fourth Amendment</u>

The Magistrate Judge recommends denial of Defendant's Motion to Suppress. This recommendation is based on a number of findings, which this Court considers in turn. First, the Magistrate Judge recommends that Defendant has standing to contest the stop of the vehicle and the resulting seizure of his person but does not have a reasonable and legitimate expectation of privacy in the vehicle sufficient to allow him to challenge the search thereof. (ECF No. 34, 13–15.) The Court agrees with and ADOPTS the recommendation. A passenger challenging the constitutionality of a stop may also challenge whether any evidence obtained from an unlawful stop, and the ensuing detention which necessarily follows, should be suppressed. *See United States v. Ellis*, 497 F.3d 606, 612 (6th Cir. 2007) (citing *United States v. Jones*, 374 F. Supp. 2d

143, 154 (D.D.C. 2005)). To establish standing to challenge the search of the vehicle, however, Defendant must establish a reasonable and legitimate expectation of privacy in the vehicle, *Rakas v. Illinois*, 439 U.S. 128, 148 (1978), which, as a passenger, he cannot do. *United States v. Mitchell*, No. 10-20299, 2012 U.S. Dist. LEXIS 50891, at *12 (W.D. Tenn. Apr. 11, 2012); *Ellis*, 479 F.3d at 612. Thus, the Court agrees with and ADOPTS the Magistrate's recommendation regarding Defendant's standing.

The Magistrate Judge then analyzed the stop and detention of Defendant under applicable law. On the issue, the Magistrate Judge recommends that (i) the initial stop of the vehicle was lawfully based on probable cause of a civil infraction—namely, the vehicle did not have functioning tail lights; (ii) that the subsequent *Terry* pat-down was lawfully based on a reasonable suspicion that Defendant might be armed and presently dangerous; and (iii) assuming, *arguendo*, that Defendant has standing to raise a Fourth Amendment challenge to the search of the vehicle, said search was constitutionally permissible under the inventory exception. (ECF No. 39, 15–20.)

Here, regardless of whether the officer(s) on scene possessed a reasonable suspicion that Defendant was armed and presently dangerous, the vehicle search that resulted in seizure of the firearm Defendant seeks to suppress, was the result of a lawful traffic stop, which Defendant concedes. Also, as noted above, Defendant lacks standing to challenge the search of the vehicle. Further, even if Defendant could legally challenge the vehicle search, the search was, nevertheless, a valid inventory search exercised by the officers in good faith and in accordance with reasonable police procedures. Thus, the Court ADOPTS the Magistrate's conclusion that Defendant does not state a ground for suppression of the firearm found in the vehicle.

B. *Miranda*

The Magistrate Judge makes a number of recommendations regarding Defendant's argument that *Miranda* violations justify the suppression of certain statements made by Defendant, which this Court finds should be adopted in part and rejected in part. Defendant objects to the Magistrate Judge relying on assurances from the Government that certain statements will not be used in its case in chief. Defendant argues that the unwarned statements should not be used for any purpose during trial. (ECF No. 39, 3.)

The Fifth Amendment to the United States Constitution prohibits an individual from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Under *Miranda v. Arizona*, an individual that is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning" must be provided information on certain procedural safeguards to protect his privilege against self-incrimination. 384 U.S. 436, 479 (1966); *see also Duckworth v. Eagan*, 492 U.S. 195, 201 (1989). Relevant here, the Supreme Court, in *Or. V. Elstad*, stated as follows:

> When police ask questions of a suspect in custody without administering the required warnings, *Miranda* dictates that the answers received be presumed compelled and that they be excluded from evidence at trial in the State's case in chief. The Court has carefully adhered to this principle, permitting a narrow exception only where pressing public safety concerns demanded.

470 U.S. 298, 317 (1985); *Hill v. Anderson*, 881 F.3d 483, 502 (6th Cir. 2018).

The Magistrate Judge recommends that Officer Laine's questioning while Defendant was seated in the car, while he was exiting the vehicle, while he was being patted down, and while he was standing at the back of the vehicle prior to being placed in hand cuffs did not require *Miranda* warnings, and accordingly, Defendant's answers to those questions are not subject to suppression. The Court agrees. "[P]ersons temporarily detained pursuant to [traffic] stops are

5

not 'in custody' for the purposes of *Miranda*." *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984). Instead, "[i]t is settled that the safeguards prescribed by *Miranda* become applicable as soon as a suspect's freedom of action is curtailed 'to a degree associated with formal arrest.'" *Berkemer*, 468 U.S. at 440 (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam)). Accordingly, upon initiating a traffic stop, an officer, typically, "may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions." *Berkemer*, 468 U.S. at 439. For these reasons, the Court ADOPTS the Magistrate Judge's recommendation that Officer Laine's questioning of Defendant prior to placing him in handcuffs, did not require *Miranda* warnings and that any statements or admissions as a result of said questioning are not subject to suppression.

The Magistrate Judge additionally makes a number of recommendations with regard to the questions and statements made after Defendant was placed in handcuffs. The Court considers each one in turn. First, the Magistrate recommends that the question to Defendant of whether the gun belonged to the driver, as well as Defendant's answer in response—that the firearm was not his—should not be suppressed because the question did not call for any self-incriminating response. (ECF No. 34, 22.) The Court disagrees. While at first glance the question to Defendant of whether the gun belonged to the driver does not seem to be incriminating, knowing whether the firearm found in a car containing two people belonged to the driver or not may directly assist in the prosecution of Defendant. *Cf. United States v. Orrick*, No. 2:16-CR-00064-JRG, 2016 U.S. Dist. LEXIS 157888, at *19 (E.D. Tenn. Oct. 25, 2016); *see also United States v. Pacheco-Lopez*, 531 F.3d 420, 424 (6th Cir. 2008). Here, the question is directly tied to the officer's attempt to further the investigation and cannot be described as related to safety or administrative concerns because Defendant was already placed in handcuffs

6

and removed from the vehicle. Accordingly, the Court finds that the question was reasonably likely to elicit incriminating information and, therefore, could be construed as custodial interrogation. *United States v. Woodruff*, 830 F. Supp. 2d 390, 414 (W.D. Tenn. 2011); *Orrick*, 2016 U.S. Dist. LEXIS 157888, at *19–20. As to any assertion that Defendant's statement should not be suppressed because it was not incriminating, the Court disagrees. As held by the Supreme Court, for purposes of *Miranda*, "no distinction may be drawn between inculpatory statement and statements alleged to be merely 'exculpatory.'" *Miranda*, 384 U.S. at 476–77; *see Woodruff*, 830 F. Supp. 2d at 414.

Next, the Magistrate Judge recommends that this Court need not determine the constitutionality of Defendant's statements or admissions to the questions asked him about his prior criminal history, which occurred after he was placed in handcuffs, including whether he was previously incarcerated, what charges he was previously incarcerated on, and when he last obtained a felony conviction, because the Government states that it does not intend to use the statements for any purpose in this case. (ECF No. 34, 22.) Defendant objects to the Magistrate Judge's reliance on the Government's asserted intent not to use these statements as the basis for denying the Motion to Suppress as improper. (ECF No. 39, 3.) Upon consideration, the Court finds that these questions are fairly considered as interrogation because they were directly tied to the officer's attempt to further the investigation regarding the firearm and cannot only be described as relating to officer safety or administrative concerns. As a result, Defendant's admissions or statements to these questions—that he had a prior criminal history and was previously incarcerated on a felony approximately ten years ago—should be suppressed. Thus, although the Court is mindful of the Government's promise not to use such statements, the Court finds that the questions were improper, and Defendant's responses thereto should be suppressed.

Lastly, the Magistrate Judge recommends that the statements made by Defendant to the questions of whether the firearm found in the vehicle was his, whether the firearm would have his fingerprints on it, why he had previously been shot, and whether he was "into it" with anyone when he was shot, should not be suppressed because, although the questions violated *Miranda*, the statements in response thereto were not incriminating. (ECF No. 34, 22–23.) Defendant objects to the Magistrate Judge's recommendation that Defendant's statements to these questions are not incriminating such that they should be suppressed and characterizes the Magistrate's ruling as improper insofar as it is a ruling on the evidentiary value of the statements (like in a motion in limine) as opposed to the admissibility of the statements. (ECF No. 39, 3–4.) Like the questions above, the Court finds that these questions were likely to illicit an incriminating response, as they were directly tied to the officer's attempt to further the investigation regarding the firearm and cannot be described as relating to officer safety or administrative concerns. Regardless of whether Defendant's responses thereto were inculpatory or exculpatory, they are subject to suppression. *Miranda*, 384 U.S. at 476–77; *see Woodruff*, 830 F. Supp. 2d at 414. Thus, the Court holds that Defendant's statements to these questions should be suppressed.

### IV. CONCLUSION

Upon *de novo* review, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendant's Objections thereto.

**IT IS SO ORDERED** on this 8th day of November 2018.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge